IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy J. Burris, | ) | C/A 2:14cv00430-MGL-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680[1], by Timothy J. Burris, Register Number 92685-020, a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for pretrial supervision and a Report and Recommendation on the Defendants' motion to dismiss under FED.R.CIV.PRO. 12 (b)(1) and 12(b)(6) or, in the alternative, for summary judgment under FED.R.CIV.PRO. 56, filed on July 7, 2014.  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e)(D.S.C.).

The Plaintiff brought this action on or about February 19, 2014, against the United States of America, and sought one million dollars ($1,000,000) in damages. (Dkt. 1)   The Plaintiff claimed that the acts and omissions of medical employees at the

---

[1] The FTCA vests the district courts with:
>  exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his
>  office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

1

Federal Correctional Institution (FCI) Estill, South Carolina, where he is housed, breached the duty of care owed to him under 18 U.S.C. § 4042(a)(2). Specifically, the Plaintiff asserts that FCI Estill employees committed medical negligence which proximately resulted in his suffering excruciating physical pain and great mental distress, and that in the future he will have to undergo many surgical operations, medical treatment, and rehabilitation due to not providing proper post-hemorroidectomy treatment and care.

The Defendant was served on June 6, 2014, and filed its dispositive motion on July 7, 2014. The Plaintiff and the Defendant agree that the Plaintiff has properly exhausted his administrative remedies prior to bringing suit, has named the correct Defendant, and that jurisdiction and venue are proper, as well.

On July 7, 2014, the Defendant filed a motion to dismiss or for summary judgment with exhibits including the Plaintiff's medical records and the affidavit of a physician medical expert. (Doc. 22.) The next day, the Court filed an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Plaintiff of summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. (Doc. 21.) The Plaintiff filed a response in opposition and documents in support of his response on September 2, 2014, to which the Defendant replied on September 23, 2014. On October 3, 2013, the Plaintiff filed a response to the reply. (Doc. 30). Accordingly, it appears consideration of the motion is appropriate.

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

The Plaintiff brought this action pro se, which requires the Court to liberally

construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. Id. at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). A court may not construct the complainant's legal arguments for him. Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. When determining whether a genuine issue has been

3

raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Id. at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. Id.  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. Anderson, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985), overruled on other grounds, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Furthermore, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED.R.CIV.P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

### The FTCA

The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 et seq.  Under the FTCA, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also United States v. Neustadt, 366 U.S. 696, 706 n. 15 (1961).  Accordingly, because the Plaintiff alleges negligence or malpractice that occurred while he was housed at FCI–Estill, a Bureau of Prisons (BOP) facility located in South Carolina, the substantive law of South Carolina controls.

In South Carolina, "[t]o establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 339 S.C. 417, 529 S.E.2d 710, 712 (S.C. 2000).  The Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the

5

doctrine of res ipsa loquitur. Ajaj v. United States, 479 F. Supp. 2d 501, 549 (D.S.C. 2007); Eickhoff v. Beard-Laney Inc., 20 S.E.2d 153, 155 (S.C. 1942); Crider v. Infinger Transportation Co., 148 S.E.2d 732, 734-735 (S.C. 1966).

In the instant case, the Plaintiff alleges that prison officials breached the duty owed to him under 18 U.S.C. § 4042. The BOP does owe prisoners an affirmative legal duty of care in accordance with 18 U.S.C. § 4042, which provides, in pertinent part, that the BOP has a duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States..." 18 U.S.C. § 4042(a)(2). This duty has been interpreted as one of reasonable care or ordinary diligence. See Buchanan v. United States, 915 F.2d 969, 971 (5th Cir. 1990) (The statute (18 U.S.C. § 4042) requires the exercise of ordinary diligence to keep prisoners safe and free from harm.); Owens v. Haas, 601 F.2d 1242, 1249 (2d Cir. 1979) (stating that "the federal government owes a duty of reasonable care"); Harley v. United States, No. 4:08-820, 2009 WL 187588 at 3 (D.S.C. Jan. 26, 2009) (duty interpreted as requiring BOP employees to exercise "ordinary diligence to keep prisoners safe and free from harm."); Johnson v. United States Government, 258 F. Supp. 372, 376 (E.D. Va. 1966) (Under Section 4042, a prison official's duty requires only the exercise of ordinary diligence under the circumstance).

In addition, when the complaint as here involves medical malpractice, the South Carolina Supreme Court requires that a Plaintiff alleging medical malpractice must provide evidence showing (1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the Defendant's field of medicine under the same or similar circumstances, and (2) that the

Defendant departed from the recognized and generally accepted standards. David v. McLeod Reg'l Med. Ctr., 626 S.E.2d 1, 4 (S.C. 2006) (internal citations omitted).

Furthermore, "the plaintiff must use expert testimony to establish both the required standard of care and the defendant's failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant." Pederson v. Gould, 341 S.E.2d 633, 634 (1986). Therefore, in order to withstand a properly supported motion for summary judgment in a medical malpractice action, the Plaintiff must have submitted an affidavit that complies with the Federal Rules of Civil Procedure, and the evidence contained within the affidavit must meet the criteria laid out in Pederson and its progeny. David v. McLeod Reg'l Med. Ctr., 367 S.C. at 247-48. In a medical malpractice case, the burden of proof of negligence, proximate cause, and injury is entirely on the Plaintiff. Dumont v. United States, 80 F. Supp. 2d 576, 581 (D.S.C. 2000).

Critical to this action is the requirement that the Plaintiff file the requisite expert affidavit with his Complaint. Under South Carolina Code § 15–36–100, the Plaintiff is required to file "***as part of the complaint*** an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim ..." (Emphasis added). Subsection 15–36–100(C)(1) states that if the Plaintiff fails to file the affidavit, "the complaint is subject to dismissal for failure to state a claim." S.C.Code Ann. § 15–36–100(C)(1) (1976).

## Discussion

A review of the record and relevant case law reveals that this action should be

7

dismissed for the Plaintiff's failure to follow the substantive requirements of South Carolina law, and, hence, the federal requirements for bringing a cognizable FTCA medical malpractice suit.

The Plaintiff did not file any affidavit with his complaint. His response in opposition to the Defendant's motion to dismiss or for summary judgment (Dkt 28), appears to be an attempt to satisfy the requisite expert affidavit requirement set forth in South Carolina Code § 15-36-100, *supra*, by providing a declaration executed by John W. Farrior, Sr., Physician's Assistant. Nonetheless, the language of § 15-36-100 clearly requires that the expert affidavit must be included with the Complaint at the time of the filing. See § 15-36-100(B)(C). This language implies that an FTCA claim alleging professional malpractice cannot be brought without the expert affidavit accompanying the complaint. This interpretation is supported by this Court's consistent finding that the § 15-36-100 filing of an expert affidavit requirement is substantive, not procedural, and failure to do so subjects the case to dismissal. See Chappie v. U.S., C.A. No. 8:13-CV-1790-RMG, 2014 WL 3615384 (D.S.C. 2014), citing, Rotureau v. Chaplin, C.A. No. 2:09-CV-1388-DCN, 2009 WL 5195968 6 (D.S.C. Dec. 21, 2009). The omission is fatal to the Plaintiff's case.

Furthermore, the declaration purportedly executed by John W. Farrior, Sr., Physician's Assistant failed to establish the "standard of care and the defendant's failure to conform to the required standard." Martasin v. Hilton Head Health Sys., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005) (citing Gooding v. St. Francis Xavier Hosp., 487 S.E.2d 596, 599 (S.C. 1997). In addition, the affidavit failed to "also prove that the defendant's negligence was a proximate cause of the plaintiff's injury." Carver v. Med.

8

Soc'y of S.C., 334 S.E.2d 125, 127 (S.C. Ct. App. 1985).

      First, Mr. Farrior's declaration is void of any explanation as to why he is qualified to conduct a review of the disputed issue in this case, which is whether the FCI Estill medical staff failed to conform to the recognized and generally accepted standard of care for treatment of a hemorrhoidectomy and anal stricture.  While Mr. Farrior's declaration contains his credentials, which appear to establish that he has practiced in the prison and jail setting, his declaration is wholly absent of any statement that he is qualified to provide expert testimony pertaining to the treatment of a hemorrhoidectomy and anal stricture.  Merely claiming that he has provided medical care to prisoners in the prison and jail environment without establishing how and why he is qualified to provide testimony on the treatment of a hemorrhoidectomy and anal stricture, as an expert, is wholly inadequate.

      Mr. Farrior's declaration is also lacking any medically supported statements that establish what the standard of care for hemorrhoidectomy and anal stricture is and how the Defendant failed to conform to the required standard for these conditions.  The only information Mr. Farrior offers in his declaration are conclusory and unsupported statements of conjecture and rhetoric.  Mr. Farrior does not base his opinions on any standard of care or the medical record he claims to have reviewed.  Rather, Mr. Farrior bases his entire opinion and conclusions upon the seven (7) pages of conclusory unsupported statements which the Plaintiff provided to him. (Dkt. 28-1, p. 16-22).  Mr. Farrior's declaration is void of any substantive expert medical information relevant to the Plaintiff's cause of action.  He does nothing more than attempt to substantiate the Plaintiff's unsupported claim that the medical record has been falsified.  Mr. Farrior

makes these assertions and attempts to qualify the Plaintiff's claim when there is no possible way he could have first-hand information as to the truth or veracity of the Plaintiff's claim.

Nonetheless, even if the Plaintiff had submitted this declaration at the time required by law, the declaration is defective and does not establish the requirements set forth in S.C. Code § 15-36-100. Thus, the Declaration of John W. Farrior does not meet the expert affidavit requirement and should not be considered as such.

In his response, the Plaintiff argued that even if the declaration which he filed is not accepted by the court, he should still prevail because he believes that an expert affidavit is not required because common knowledge reveals that those providing him care were negligent. This belief is unavailing. Whether an expert affidavit is required depends on whether the claim arises from medical services provided to a patient in a professional capacity or from the "medical providers' ordinary obligation to reasonably care for patients with respect to nonmedical, administrative, ministerial, or routine care." Dawkins v. Union Hosp. Dist., 758 S.E.2d 501, 504 (S.C. 2014). A fair reading of the Complaint reveals that the Plaintiff's claims relate to the medical services he was provided in a professional capacity, not from the medical providers ordinary obligation to provide reasonable care with respect to nonmedical, administrative, ministerial, or routine care.

## Conclusion

Accordingly, for the aforementioned reasons it is recommended that the Defendant's motion be granted and the action be dismissed without prejudice.

IT IS SO RECOMMENDED

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 16, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).