

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY J. BURRIS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:14-00430-MGL-WWD |
| § | |
| UNITED STATES OF AMERICA, § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE

This case was brought under the Federal Tort Claim Act (FTCA). 28 U.S.C. §§ 2671–2680. Plaintiff is a federal prisoner proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment be granted and the action be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 16, 2014, the Clerk of Court entered Plaintiff's objections on October 22, 2014, and Defendant filed its response on November 7, 2014. The Court has considered Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is presently incarcerated at the Federal Correctional Institution (FCI), Estill, South Carolina. He claims that the acts and omissions of medical employees at the FCI–Estill breached the duty of care owed to him under 18 U.S.C. § 4042(a)(2). Section 4042(a)(2) states that "[t]he Bureau of Prisons, under the direction of the Attorney General, shall provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise[.]" More specifically, according to Plaintiff, FCI–Estill employees committed medical negligence, which proximately caused him to suffer excruciating physical pain and great mental distress. Plaintiff contends that, because they failed to provide proper post-hemorroidectomy treatment and care, he will be required to endure many surgical operations, medical treatment, and rehabilitation. He seeks one millions dollars ($1,000,000) in damages.

Under the FTCA,

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Plaintiff alleges that "the act[s] or omission[s] occurred" in South Carolina. Therefore, the Court applies South Carolina law in determining whether Defendant is liable. *See id*.

Inasmuch as Plaintiff's case is based on alleged medical malpractice, S.C. Code § 15-36-100(B) applies to this action. According to that statute:

> Except as provided in Section 15-79-125, in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G), the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

*Id*. Under subsection 15–36–100(C)(1) of the statute, if the plaintiff fails to file the affidavit, "the complaint is subject to dismissal for failure to state a claim." S.C. Code Ann. § 15–36–100(C)(1). Because Plaintiff failed to file an expert affidavit with his complaint, the Magistrate Judge suggests that the action be dismissed. The Court agrees.

In his first objection to the Report, Plaintiff states that the Magistrate Judge failed to make clear whether he was recommending that the Court dismiss the case on the basis of Defendant's motion to dismiss or Defendant's alternative motion for summary judgment. A cursory reading of the Report, however, makes it clear to the Court that the Magistrate Judge is suggesting dismissal pursuant to Defendant's motion for summary judgment. *See* Report 3-5 (setting out the standard of review for a motion for summary judgment). Thus, the Court will overrule this objection.

Plaintiff also objects to the Magistrate Judge's suggestion that his case is subject to dismissal based on his failure to submit an expert affidavit. Plaintiff contends that, "[u]nder Subsection § 15-

36-100(B), an expert affidavit is required expressly to actions brought against *individuals*, not actions brought against corporations or other business entities by which individuals are employed–unless those actions are brought against licensed health care facilities." Objections 3. Thus, according to Plaintiff, because Defendant United States is neither an individual nor a licensed health care facility–but instead a corporation or business for purposes of Subsection § 15-36-100(B)–no expert affidavit is required. This argument is without merit.

As observed above, the FTCA allows a plaintiff to recover "money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "[U]nder the FTCA, the United States has merely replaced itself as the liable party in such an action; however, the underlying cause of action itself must be based upon a negligent or wrongful act or omission committed by any Government employee (i.e. individual) acting within [the] scope of his office or employment." Defendant's Response 3. Thus, because the expert affidavit requirement of Subsection § 15-36-100(B) applies to the conduct of the individual government employees who allegedly committed the negligent or wrongful acts or omissions–and not the conduct of the United States itself–the Court will overrule this objection, as well.

The Court has considered Plaintiff's remaining objections but finds them so lacking in merit as not to require any discussion. Consequently, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's motion for summary judgment is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 14th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.